PER CURIAM.
The Florida Sentencing Guidelines Commission (the Commission) petitions this Court to revise the statewide sentencing guidelines to conform with statutory enactments passed during the 1996 legislative session. The Commission seeks to amend the procedural rule contained in Florida Rule of Criminal Procedure 3.703 and the scoresheet contained in rule 3.991(b). We have jurisdiction. Art. V, § 2(a), Fla. Const.
The legislature in chapter 96-388, Laws of Florida, changed the amended 1994 sentencing guidelines to clarify those guidelines and add new provisions. The Department of Corrections, in response to legislative directive, drafted and submitted to the Commission specific rule revisions reflecting the statutory changes. The proposed revisions were approved by the Commission and published in The Florida Bar News, August 1, 1996, and September 1, 1996; comments were invited. A single comment was received and considered by this Court.
The proposed changes accomplish the following: The revisions clarify the fact that in case of conflict the numerical statutory reference in the left-hand column and the felony degree designations in the middle column of the offense severity ranking chart prevail over the descriptive language in the right-hand column; the revisions provide that an offense does not become unlisted and subject to the provisions of section 921.0013, Florida Statutes (1995), because of a reclassification of felony degree; several newly created crimes are excluded from the assessment of sexual contact or penetration points; the period for qualifying crimes was expanded for the assessment of prior serious felony points; language relating to the assessment of capital felony points was modified; language relating to the assessment of community sane *1214 tion points was modified; a multiplier was created for criminal action committed by a criminal street gang member.
We hereby adopt the amendments to rules 3.703 and 3.991(b) as appended to this opinion. The amendment to rule 3.703 is effective October 1, 1996. The amendment to rule 3.991(b) is effective January 1, 1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE RULES.
APPENDIX
RULE 3.703
SENTENCING GUIDELINES (1994 as amended in-1995)
(a) Use. This rule is to be used in conjunction with the forms located at rule 3.991. This rule implements the 1994 sentencing guidelines, as amended in 1995, in strict accordance with chapter 921, Florida Statutes as-revised by chapter 95-184, -Laws-of Florida. This rule applies to offenses committed on or after October 1, 1995, or as otherwise indicated.
(b) Purpose and Construction. The purpose of the 1994 sentencing guidelines and the principles they embody are set out in subsection 921.001(4). Existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.
(c) Offense Severity Ranking.
(1) Felony offenses subject to the 1994 sentencing guidelines, as amended, are listed in a single offense severity ranking chart located at section 921.0012. The offense severity ranking chart employs 10 offense levels, ranked from least severe to most severe. Each felony offense is assigned to a level according to the severity of the offense, com-mensúrate with the harm or potential for harm to the community that is caused by the offense. The numerical statutory reference in the left column of the chart and the felony degree designations in the middle column of the chart determine whether felony offenses are specifically listed in the offense severity ranking chart and the appropriate severity level. The language in the right column is merely descriptive.
(2) Felony offenses not listed in section 921.0012 are to be assigned a severity level in accordance with 921.0013, as follows:
(1j(A) A felony of the third degree within offense level 1.
(2)(⅞) A felony of the second degree within offense level 4.
(&(C) A felony of the first degree within offense level 7.
f4j(D) A felony of the first degree punishable by life within offense level 9.
(5)(¾) A life felony within offense level 10. An offense does not become unlisted and subject to the provisions of section 921.0013, because of a reclassification of the degree of felony pursuant to section 775.08Í5, section 775.087, section 775.0875 or section 79^.023.
(d)General Rules and Definitions.
(1) One or more sentencing guidelines scoresheets shall be prepared for each offender covering all offenses pending before the court for sentencing, including offenses for which the offender has been adjudicated an habitual felony offender, an habitual violent felony offender or violent career criminal. The office of the state attorney or the Department of Corrections, or both where appropriate, will prepare the scoresheets and present them to defense counsel for review as to accuracy. The Department of Corrections shall prepare sentencing guidelines scoresheets if the offender is alleged to have violated probation or community control and revocation is recommended.
(2) One scoresheet shall be prepared for all offenses committed under any single version or revision of the guidelines, pending before thé court for sentencing.
*1215 (3) If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively.
(4) The sentencing judge shall review the scoresheet for accuracy and sign it.
(5) Felonies, except capital felonies, with continuing dates of enterprise are to be sentenced under the guidelines in effect on the beginning date of the criminal activity.
(6) “Conviction” means a determination of g-uilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
(7) “Primary offense” is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.
(8) “Additional offense” is any offense, other than the primary offense, pending before the court for sentencing. Sentence points for additional offenses are determined by the severity level and the number of offenses at a particular severity level. Misdemeanors are scored at level “M” regardless of degree.
(9) “Victim injury” is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Except as otherwise provided by law, the sexual penetration and sexual contact points unll be scored as folloivs. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored in addition to any points scored for the sexual contact or sexual penetration.
Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury shall not be scored for an offense for which the offender has not been convicted.
Victim injury resultant from one or more capital felonies before the court for sentencing is not to be included upon any scoresheet prepared for non-capital felonies also pending before the court for sentencing. This in no way prohibits the scoring of victim injury as a result from the non-capital felonies before the court for sentencing.
(10) Unless specifically provided otherwise by statute, attempts, conspiracies, and solicitations are indicated in the space provided on the guidelines scoresheet and are scored at one severity level below the completed offense.
Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 1 and 2 are to be scored as misdemeanors. Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 3, 4, 5, 6, 7, 8, 9, and 10 are to be scored as felonies one offense level beneath the incomplete or inchoate offense.
(11) An increase in offense severity level may result from a reclassification of felony degrees pursuant to 775.0845, 775.087, 775.0875, or 794.023. Any such increase should be indicated in the space provided on the sentencing guidelines scoresheet.
(12) A single assessment of Tihirty prior serious felony points arsis assessedadcfed if the offender has a primary offense ranked in level 8, 9, or 10 and one or more prior serious felonies. A “prior serious felony” is an offense in the offender’s prior record ranked in level 8, 9, or 10 and for which the offender is serving a sentence of confinement, supervision or other sanction or for which the offender’s date of release from confinement, supervision or other sanction, whichever is later is has-been-found guilty-and-whioh^was committed within 3 years before the date the primary offense and or any additional offenses were committed and is ranked in level 8, 9, or 10. Out of state convictions wherein *1216 the analogous or parallel Florida offenses are located in offense severity level 8, 9, or 10 are to be considered prior serious felonies.
(13) If the offender has been found-guilty ©f one or more prior capital felonies, points shall be added to the subtotal sentence points of the offender equal to twice the number of points the offender receives for the primary offense and any additional offense. Out-of-state convictions wherein the analogous or parallel Florida offenses are capital offenses are to be considered capital offenses for purposes of operation of this section.
(14) “Total offense score” is the sum of the sentence points for primary offense, any additional offenses and victim injury.
(15) “Prior record” refers to any conviction for an offense committed by the offender prior to the commission of the primary offense, excluding any additional offenses pending before the court for sentencing. Prior record shall include convictions for offenses committed by the offender as an adult or as a juvenile, convictions by federal, out of state, military, or foreign courts and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law. Federal, out of state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located.
(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.
(B) Juvenile dispositions of offenses committed by the offender within 3 years prior to the date of the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. Juvenile dispositions of sexual offenses committed by the offender more than 3 years prior to the date of the primary offense are to be scored as prior record if the offender has not maintained a conviction-free record, either as an adult or as a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of commission of the primary offense.
(C) Entries in criminal histories that show no disposition, disposition unknown, arrest only, or a disposition other than conviction are not scored. Criminal history records expunged or sealed under section 943.058 or other provisions of law, including former sections 893.14 and 901.33, are scored as prior record where the offender whose record has been expunged or sealed is before the court for sentencing.
(D) Any uncertainty in the scoring of the offender’s prior record shall be resolved in favor of the offender and disagreement as to the propriety of scoring specific entries in the prior record shall be resolved by the sentencing judge.
(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1.
(16)“Legal status points” are assessed when an offender:
(a)(A) Escapes from incarceration;
(fe)(R) Flees to avoid prosecution;
(e)(C) Fails to appear for a criminal proceeding;
(d)(D) Violates any condition of a superse-deas bond;
(e)(£y Is incarcerated;
(f}(F) Is under any form of a pretrial intervention or diversion program; or
<⅛)(6?) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing.
*1217 Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(17) Community sanction violation points occur when the offender is found to have violated a condition of:
(a)(A) Probation;
(b)(⅞) Community Control; or
(c)(C) Pretrial Intervention or diversion.
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows the reinstatement or a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple cases-or counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points.
(18) “Total prior record score” is the sum of all sentence points for prior record.
(19) Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6). Twenty-five sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(3) while having in his or her possession a semiautomatic firearm as defined in subsection 775.087(3) or a machine gun as defined in subsection 790.001(9). Only one assessment of either 18 or 25 points shall apply.
(20) “Subtotal sentence points” are the sum of the total offense score, the total prior record score, any legal status points, community sanction points, prior serious felony points, prior capital felony points or points for possession of a firearm or semiautomatic weapon.
(21) If the primary offense is drug trafficking under section 893.135 ranked in of-, fense severity level 7 or 8, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5.
(22) If the primary offense is a violation of the Law Enforcement Protection Act under subsections 775.0823(2), the subtotal sentence points are multiplied by a factor of 2.5. If the primary offense is a violation of subsection 775.0823(3), (4), (5), (6), (7), or (8) the subtotal sentence points are multiplied by a factor of 2.0. If the primary offense is a violation of the Law Enforcement Protection Act under subsection 775.0823(9) or (10) or section 784.07(3) or section 775.0875(1), the subtotal sentence points are multiplied by a factor of 1.5.
(23) If the primary offense is grand theft of the third degree of a motor vehicle and the offender’s prior record includes three or more grand thefts of the third degree of a motor vehicle, the subtotal sentence points are multiplied by 1.5.
(⅝) If the offender is found to be a member of a criminal street gang pursuant to section 871.01, at the time of the commission of the primary offense, the subtotal sentence points are multiplied by 1.5. Such multiplier shall be annotated at Section IX of the scoresheet.
(24^(25) “Total sentence points” are the subtotal sentence points or the enhanced subtotal sentence points.
(2§}(26) “Presumptive sentence” is determined by the total sentence points. If the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison. The court *1218 may impose any nonstate prison sanction authorized by law, including community control. However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15% to arrive at total sentence points in excess of 40. If the total sentence points are greater than 40 but less than or equal to 52, the decision to sentence the defendant to state prison or a nonstate prison sanction is left to the discretion of the sentencing court. If the total sentence points are greater than 52, the sentence, absent a departure, must be to state prison.
A state prison sentence is calculated by deducting 28 points from the total sentence points where total sentence points exceed 40. The resulting number represents state prison months. State prison months may be increased or decreased by up to and including 25% at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence. The sentence imposed must be entered on the scoresheet.
If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment.
<2Q(27) If the recommended sentence under the sentencing guidelines exceeds the maximum sentence authorized for the pending felony offenses, the guidelines sentence must be imposed, absent a departure. Such downward departure must be equal to or less than the maximum sentence authorized by section 775.082.
(27)(¾⅞) For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines presumptive sentence calculated. If the presumptive sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the presumptive sentence exceeds the mandatory sentence, the presumptive sentence should be imposed.
(28)(£9) Departure from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. A state prison sentence that deviates from the recommended prison sentence by more than 25%, a state prison sentence where the total sentence points are equal to or less than 40, or a sentence other than state prison where the total sentence points are greater than 52 must be accompanied by a written statement delineating the reasons for departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsections 921.0016(3) and (4). Reasons for departing from the recommended guidelines sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained.
(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.
(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).
(29)(¾) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered.
If a split sentence is imposed, the incar-cerative portion of the sentence must not *1219 deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.
(§0)(¾) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. Cumulative incarceration imposed after revocation of probation or community control is subject to limitations imposed by the guidelines. A violation of probation or community control may not be the basis for a departure sentence.

Committee Notes

1996 Amendments

(a) This portion ivas amended to show that the earliest offense date to which this rule applies is October 1, 1995 and that all subsequent changes are incorporated. It is intended that Committee Notes will be used to indicate effective dates of changes.

(c) This amendment applies to offenses committed on or after October 1, 1996.

(d)(9) The 1996 Legislature created two crimes for which sexual penetration or sexual contact points are not scored. That exception applies to offenses committed on or after October 1, 1996 pursuant to section 872.06, Florida Statutes or section 911.35(3)(b)2, Florida Statutes.

(d)(12) The amendment applies to offenses committed on or after October 1,1996.

(d)(13) The amendment applies on or after October 1,1996.

(d)(17) This amendment, which applies on or after October 1,1996, clarifies when points may be assessed for multiple violations. It also incorporates legislative changes that indicate that multiple assessments may not be made for multiple counts of community sanction violations.

(d)(2j) The amendment applies to crimes committed on or after October 1, 1996. If used, this multiplier should be annotated with the words, “Street Gang Enhancement” at Section IX of the form appearing at Florida Rule of Criminal Procedure 3.991(a).

Committee Note to Form at Rule 3.991(b) 1996 Amendment

Effective January 1, 1997, the fact that a defendant committed an offense involving sexual contact or sexual penetration and as a direct result of the offense, the victim contracted a sexually transmissible disease, is an aggravating circumstance justifying an upward departiere sentence.

*1220 [[Image here]]
*1221 [[Image here]]
*1222 [[Image here]]
*1223 If reasons cited for departure are not listed below, please write reasons on the reverse side.
Reasons for Departure — Aggravating Circumstances
□ Legitimate, uncoerced, plea bargain.
□ Offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel.
O Offenses arose from separate episodes. Primary offense is at level 4 or higher and the defendant has committed 5 or more offenses within a 180 day period that have resulted in convictions.
□ Primary offense is scored at level 3 and the defendant has committed 8 or more offenses within a 180 day period that have resulted in convictions.
□ Offense was committed within 6 months of defendant’s discharge from a release program or state prison.
□ Defendant occupied a leadership role in a criminal organization.
□ Offense committed by a public official under color of office.
D Defendant knew victim was a law enforcement officer at the time of the offense; the offense was a violent offense; and that status is not an element of the primaiy offense.
□ Offense created substantial risk of death or great bodily harm to many persons or to one or more small cbildren.
□ Victim especially vulnerable due to age or physical or mental disability.
□ Offense was motivated by prejudice based on race, color, ancestry, ethnicity, religion, sexual orientation, or national origin of the victim.
□ Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.
□ Victim was physically attacked by the defendant in the presence of one or more members of the victim’s family.
□ Offense resulted in substantia] economic hardship to a victim and consisted of an illegal act or acts committed by means of concealment, guile, or fraud to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage, when two or more of the following circumstances were present:
□ Offense involved multiple victims or multiple incidents per victim;
□ Offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;
□ The defendant used position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationship; or
□ The defendant was in the past involved in other conduct similar to that involved in the current offense.
□ Offense committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.
□ Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s.921.001(8).
□ Defendant induced a minor to participate in any of the offenses pending before the court for disposition.
O Primaiy offense is scored at level 7 or higher and the defendant has been convicted of one or more offense that scored, or would have scored, at an offense 8 or higher.
□ Defendant has an extensive unscoreable juvenile record.
□ Defendant committed an offense involving sexual contact or sexual penetration and as a direct result of the offense, the victim contracted a sexually transmissable disease (Effective for offenses committed on or after January 1,1997).
Reasons for Departure — Mitigating Circumstances
□ Legitimate, uncoerced plea bargain.
□ Defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct
□ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.
□ Defendant requires specialized treatment for addiction, mental disorder, or physical disability, and the defendant is amenable to treatment
□ The need for payment of restitution to the victim outweighs the need for a prison sentence.
□ The victim was an initiator, willing participant aggressor, onprovoker of the incident.
□ The defendant acted under extreme duress or under the domination of another person.
□ Before the identity of the defendant was determined, the victim was substantially compensated.
□ Defendant cooperated with the State to resolve the current offense or any other offense.
□ The offense was committed in an unsophisticated maimer and was an isolated incident for which the defendant has shown remorse.
O At the'time of the offense the defendant was too young to appreciate the consequences of the offense.
□ Defendant to be sentenced as a youthful offender.