741 So.2d 1242 (1999)
Normando R. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3051.
District Court of Appeal of Florida, First District.
October 4, 1999.
*1243 Nancy A. Daniels, Public Defender; Robert Friedman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Veronica S. McCrackin, Assistant Attorney General; Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
The state seeks rehearing of our opinion in Brown v. State, 24 Fla. L. Weekly D1781 (Fla. 1st DCA July 27, 1999). We grant rehearing, withdraw our opinion and substitute the following therefor.
Normando R. Brown appeals his conviction and sentence for possession of cocaine with intent to deliver in violation of section 893.13, Florida Statutes (1997). Appellant argues that the trial court erred in granting a peremptory strike of a prospective juror and that his sentencing guidelines scoresheet was improperly calculated. We affirm appellant's conviction because appellant's argument that the state's reason for exercising the peremptory strike was pretextual was not raised below, and, even if raised, the argument is unavailing since the record reflects that the state gave a race-neutral reason for the strike which the trial court properly accepted as non-pretextual. Melbourne v. State, 679 So.2d 759, 764 (Fla.1996). For the reasons that follow, however, we must reverse and remand for resentencing, because the sentencing guidelines were erroneously applied in assessing community sanction violation points on appellant's guideline scoresheet.
The assessment of community sanction violation points under the sentencing guidelines in the instant case involves the interpretation and application of the sentencing guidelines in section 921.0024(1)(b), Florida Statutes (1997) and subparagraph (d)(17) of rule 3.703, Florida Rules of Criminal Procedure. In section 921.0024(1)(b), the Legislature has set forth the scoresheet points to be assessed for community sanction violations, in pertinent part, as follows:
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six (6) sentence points are assessed for each community sanction violation, and each successive community sanction violation; however, if the community sanction violation includes a new felony conviction before the sentencing court, twelve (12) community sanction violation points are assessed for such violation, and for each successive community sanction violation involving a new felony conviction. Multiple counts of community sanction violations before the sentencing court shall not be a basis for multiplying the assessment of community sanction violation points.
Rule 3.703(d)(17) provides the corresponding procedural rule, as follows:
Community sanction violation points occur when the offender is found to have violated a condition of:
(A) Probation;
(B) Community Control; or
(C) Pretrial Intervention or diversion.
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation *1244 of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points.
Appellant was first arrested for a felony offense in 1995 (Case No. 95-2680). He was placed on probation, but in 1996 he violated that probation when he committed a new felony offense (Case No. 96-102). He was returned to probation after pleading guilty to the violation of probation and the new offense. Appellant violated his probation again in 1996 when he committed new offenses, including a felony (Case No. 96-2035). At this point, appellant was placed on community control. He violated community control, however, when he again engaged in criminal conduct, which included the commission of another felony (Case No. 96-2572). Appellant was sentenced to prison on the felony counts in these four separate cases, and after serving time in boot camp appellant was returned to probation, which he violated in 1997 when he committed the instant felony offense, possession of crack cocaine with intent to deliver (Case No. 97-2394).
The state argued below that community sanction violation points should be assessed based on the rationale that appellant's instant offense violated the probation in each of his five prior cases and that, in determining appellant's sentence, 12 community sanction violation points should be assessed for each of those violations. In addition, the state argued below, and the trial court agreed, that the instant offense triggered four successive violations of probation in Case No. 95-2680, requiring by itself an assessment of 48 community sanction violation points. The state also sought, and the trial court assessed, an additional 12 community sanction violation points for appellant's violation of probation in Case No. 96-2572. The state did not seek the assessment of 12 additional community sanction violation points under its theory for each of the additional three probation violations in Case No. 96-102 and the two additional probation violations in Case No. 96-2035. Thus, below the trial court assessed a total of 60 community sanction violation points.
On appeal, the state initially sought to sustain the assessment of 60 points. However, in its motion for rehearing, the state acknowledges that only 36 community sanction violation points should have been assessed. On rehearing, the state urges that the rule and statute should be read consistent with prior case law on multiple, successive probation violations which allowed a one cell bump up for each successive violation of probation or community control which followed reinstatement or modification of probation. Williams v. State, 594 So.2d 273, 275 (Fla. 1992)("where there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation."); Warrender v. State, 617 So.2d 829, 830 (Fla. 1st DCA 1993)("[m]ultiple violations are successive violations which follow reinstatement or modification of probation or community control, rather than a violation of several conditions of a single probation order."). Thus, under section 921.0024(1)(b) and rule 3.703(d)(17), for each time that appellant violated the reinstatement or modification of his probation/community control by committing a new felony, 12 points can be assessed. We agree.
In computing the assessment of community sanction violation points, the state correctly concedes on rehearing that, because the offense in Case No. 95-2680 was committed prior to the effective date of the 1995 Sentencing Guidelines, it should not be included in the computations here. However, when appellant violated his probation in Case No. 96-102 by committing a new felony (Case No. 96-2035), 12 points were properly assessed. When he was reinstated to community control and violated that community control by committing another new felony (Case No. 96-2572), 12 more points were properly assessed. After he served time in boot camp and was restored to probation, he violated probation/community *1245 control a third time by committing a new felony (Case No. 97-2394, possession of crack cocaine with intent to sell or distribute). Accordingly, a final 12 points could be assessed, for a total of 36 community sanction violation points.
On rehearing, the state correctly acknowledges that multiple assessments are allowed only for successive probation violationsnot for the number of cases before the court for sentencing,[1] not for the number of probation conditions a defendant violated, and not for the number of times he violated probation. This assessment for successive violations, in effect, penalizes the defendant who repeatedly fails to take advantage of the opportunity provided by probation or community control. As the Florida Supreme Court explained in Williams, 594 So.2d at 275:
where there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation. To hold otherwise might discourage judges from giving probationers a second or even a third chance. Moreover, a defendant who has been given two or more chances to stay out of jail may logically expect to be penalized for failing to take advantage of the opportunity.
Consistent with Williams, section 921.0024(1)(b) requires that "if the community sanction violation includes a new felony conviction" 12 community sanction violation points are to be assessed "for such violation, and for each successive community sanction violation involving a new felony conviction." By this language, the Legislature is limiting at 12 points the number of community sanction violation points that may be assessed for each successive violation created by a new felony conviction. Here, the appellant's felony conviction constituted his third probation/community sanction violation, even though each violation may have involved more than one case. Accordingly, a maximum of 36 points may be assessed here. This reading of the statute is supported by language of the identical last sentences in both the applicable portion of section 921.0024(1)(b) and in rule 3.703(d)(17), which provide that: "Multiple counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points." Thus, when several cases or counts are before the court for sentencing, that does not provide a basis for adding additional points beyond the points scored for successive probation violations.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.
NOTES
[1] When rule 3.703(d)(17) was amended in 1996, see Amendments to Florida Rules of Criminal Procedure re: Sentencing Guidelines, 685 So.2d 1213, 1217 (Fla.1996), the Florida Supreme Court struck the words "cases or" before the word "counts" in the last sentence of the rule. Contrary to the argument of the state in its initial brief, this amendment did not authorize the assessment of separate community sanction violation points for each case involved in the violation. We conclude that this change was made to make the terminology of the rule consistent with section 921.0024(1)(b). Further, the use of the term "counts" in both section 921.0024(1)(b) and rule 3.703(d)(17) is consistent with the use of that term in the form of judgment provided by the Rules of Criminal Procedure. See rule 3.986(b), Florida Rules of Criminal Procedure. Under this rule, when a trial court enters a single judgment with respect to multiple offenses and cases, including community sanction violations, the various offenses in the separate cases are designated as separate counts. Id. Thus, the reference to "multiple counts" in the last sentence of the applicable portion of the statute and the rule refers to the multiple cases included within the counts pending before the court for sentencing and makes clear that the existence of multiple counts (or cases) of community sanction violation shall not be a basis for multiplying points as was done below.