CORRECTED OPINION

PER CURIAM.
James Blount, Jr., appeals the sentence entered upon his plea of no contest to possession of cocaine and resisting arrest with violence. Appellant contends that the trial court erroneously applied section 921.0024(l)(b), Florida Statutes (1997), and Florida Rule of Criminal Procedure 3.703(d)(17) by assessing 36 community sanction violation points, rather than 12 points, on his sentencing guidelines score-sheet for a violation of community control being served concurrently in three separate cases. Appellant argues that, under this statute and rule, the state can assess only 12 community sanction violation points for each violation proceeding. The state argues that, under section 921.0024(l)(b), 12 community sanction violation points may be assessed for each of the three prior cases for which appellant’s new felony convictions constitute a community sanction violation. We find the state’s argument without merit. We have recently held that under section 921.0024(l)(b), “the Legislature is limiting at 12 points the number of community sanction violation points that may be assessed for each new successive violation created by a felony conviction.” Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999)(emphasis supplied). “Successive” in this context means successive probation violations, not the number of cases before the court for sentencing, not the number of probation conditions a defendant violated, and not the number of times he violated probation. (Slip opinion pp. 6-7). See also Turner v. State, 735 So.2d 616 (Fla. 1st DCA 1999); and Williams v. State, 720 So.2d 590 (Fla. 2d DCA 1998). Thus, it was error to assess 36 community sanction violation points based on the rationale that appellant’s new felony convictions violated his community sanction sentences in each of the three separate cases.
REVERSED and REMANDED for re-sentencing.
KAHN, WEBSTER AND VAN NORTWICK, JJ„ CONCUR.