DAVIS, J.
Appellant appeals the assessment of 36 community sanction violation points on her guidelines scoresheet. In accordance with Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999), we reverse.
In 1997, appellant was arrested for violating section 812.014(2)(e), Florida Statutes (1997), grand theft auto, which is a -third-degree felony. She was placed in a deferred pretrial intervention (PTI) program. In February, March, and May 1998, she again committed grand theft auto. Appellant pled nolo contendere to the four counts of grand theft auto and, pursuant to a plea agreement, the trial court placed her on six months of community control to be followed by three years of probation. She was required to meet certain conditions of community control, including not violating any law, not associating with any persons involved in criminal activity, remaining at home unless she was going to work or had approval from her community control officer to leave her home, and staying out of certain areas in Panama City. In July 1998, appellant was arrested for assisting with the sale of a fake crack cocaine rock to an undercover police officer. By doing so, she violated the community control conditions stated above. Appellant admitted that she had violated the requirement that she remain in her home, but did not admit to the other violations. After hearing from witnesses including appellant, the trial court found appellant guilty of violating the above conditions. The prosecutor sought to have the trial court assess 36 community sanction violation points- — -12 points for the violation of the first grand theft auto case in which appellant was assigned to the PTI program, and six points for each violation of community control assessed in all four grand theft cases, or 24 points. The public defender argued that appellant should only be assessed 18 points — 12 points for the PTI program violation, and six total for violating community control imposed in the four grand theft cases. The trial court agreed with the State’s 36-point assessment and sentenced appellant to four 44.8 month concurrently imposed sentences.
In Brown, this court reviewed section 921.0024(l)(b), Florida Statues, and Florida Rule of Criminal Procedure 3.703(d)(17), which are also at issue in the present ease. This court concluded that community sanction violation points may not be assessed based upon the number of cases before the court for sentencing. The trial court in the present case, not having the benefit of our recent decision in Brown, did precisely what we held was proscribed in Brown: the trial court multiplied the number of cases before the court for community control violation (4), times six points, for a total score of 24 points. While Brown concerned violations of parole and community control via subsequent felony convictions, there is nothing in the record of the present case indicating that appellant was convicted of any felony due to her participation in the sale of the fake crack cocaine rock to the undercover officer. Therefore, in accordance with Brown, appellant was correctly assessed 12 points for the violation of the 1997 PTI program case, and should have been assessed six points total for violating community control imposed for the four grand theft auto cases, for a grand total of 18 points.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and LAWRENCE, JJ., CONCUR.