PER CURIAM.
Ernest Misell Grubb (Grubb) pleaded no contest to a charge of resisting arrest with violence in case no. 96-2964, and to a charge of attempted lewd assault in case no. 96-2968. Grubb was adjudicated guilty of these two crimes and placed on probation for two years as a result of a negotiated plea agreement. Grubb’s scoresheet reflected a score of forty-nine points, with a recommended range of 15.76 to 26.25 months in prison.
Grubb, in a violation of probation (VOP) affidavit filed on October 27, 1998, was charged with committing several technical violations of his probationary sentence. Grubb admitted committing the technical violations. The State, at the VOP hearing, argued that Grubb’s scoresheet should reflect an additional twelve points for community sanction violation. Defense counsel objected to the addition of twelve points to Grubb’s scoresheet for community sanction violation, contending that only six points should have been added.
The trial court revoked Grubb’s probation and sentenced him to concurrent terms of imprisonment of 76.6 months, with 432 days credit for time served. We agree that the trial court should have assessed six rather then twelve community sanction violation points. Accordingly, we reverse and remand for resentencing.
Rule 3.703(d)(17) of the Florida Rules of Criminal Procedure provides:
(17) Community sanction violation points occur when the offender is found to have violated a condition of:
(A) Probation;
(B) Community Control; or
(C) Pretrial Intervention or diversion.
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points.
Rule 3.703(d)(17) does not allow the multiplication of points merely because the defendant was on a community sanction for more than one case. Rather the rule indicates that no matter how many cases the defendant is serving at the time he commits the violation, only six total points can be scored for the violation unless the viola *397 tion involves a new felony or unless there are successive violations. We note that the trial judge in the instant case at sentencing did not have the benefit of our opinion in Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999) which addressed this issue. In Brown, the appellant was serving probationary sentences in five separate cases when he committed a new felony. The new felony was the appellant’s third violation of probation. This court held that multiple assessments of community sanction violation points were allowed for successive probation violations, (in this case three successive violations), but not for the number of cases before the court for sentencing. Thus, the appellant in Brown could be assessed only thirty-six community sanction violation points for the three successive violations (twelve points each) even though he may have been serving more than one probationary sentence at the time. See also Blount v. State, 743 So.2d 147 (Fla. 1st DCA 1999)(holding same).
Similarly, Grubb, in the instant case, was serving two separate probationary sentences when he violated several of the technical conditions of his probation. Rule 3.703(d)(17) provides that where the violation is not successive and is not a violation resulting fi"om a new felony, only six points should be assessed. Thus, regardless of the fact that Grubb was serving two separate sentences when he committed the violation, he should have been assessed only six points. We reverse Grubb’s sentence with instructions to assess only six points for the community sanction violation, reducing the recommended sentencing range. Because we can not discern from the record whether the trial court would have imposed the same sentence under the slightly lower recommended sentencing range, we also remand for resentencing.
BOOTH, LAWRENCE and DAVIS, JJ., CONCUR.