BROWNING, J.
Appellant, Brian Dover, appeals his sentence, arguing that the trial court erred by imposing 24 rather than. 12 community sanction violation points upon resentencing him in two cases for a single violation of probation. We agree and reverse for re-sentencing.
By information filed under circuit court case numbers 98-2181 and 98-2443, Appellant was charged with bribery, DUI, and possession of cocaine. Using a single judgment, the trial court sentenced Appellant to 18 months of probation on the felonies, and one year of probation on the DUI to be served concurrently with the other sentence. Subsequently, an affidavit of violation of probation, and an amended affidavit of violation of probation, were filed alleging Appellant: operated a motor vehicle with a suspended licence; resisted arrest without violence; committed DUI, aggravated battery; fled to elude a law officer; and used alcohol. Appellant entered no-contest pleas to all of the allegations except the new DUI and aggravated battery ^ Upon resentencing for the violation of probation in the two cases, the trial court assessed 24 community sanction violation points, revoked Appellant’s probation, and imposed concurrent 23-month state prison sentences, with credit for time served. Appellant argues that' only 12 community sanction violation points should have been assessed because only one violation of probation occurred, albeit in two cases. We agree with Appellant and reverse and remand for correction of the scoresheet and resentencing.
A trial court is authorized to assess 12 community sanction violation points for each successive violation 'of probation. Fla. R.Crim. P. 3.703(17); Williams v. State, 594 So.2d 273, 274 (Fla. 1st DCA 1992). A successive violation, by the clear terms of the Rule, must follow a prior modification of probation or revocation of it, rather than a violation of several conditions of a single probation order. Id. When a trial court enters a single judgment with respect to multiple offenses and eases, the various offenses in the separate cases are designated as separate counts. Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999) (on mot. for reh’g.). The existence of multiple counts (or cases) of community sanction violations cannot be a basis for multiplying points. Id.
In the case at bar, the trial court used a single judgment when placing Appellant oh concurrent terms of probation in case numbers 98-2181 and 98-2443. Pursuant to this court’s ruling in Brown, these two cases are considered two counts for the purposes of assessing community sanction violation points and cannot be used to multiply community sanction violation points. Because only one judgment was before the court for sentencing and no successive probation violations occurred, Appellant should have been assessed 12 community sanction violation points rather than 24.
REVERSED and REMANDED for correction of the scoresheet and resentencing.
ALLEN and WEBSTER, JJ., CONCUR.