FRANK, Chief Judge.
Simon Barnett, Jr., has appealed from the sentences imposed upon him after he violated probation. Because the offenses pending for sentencing were not properly scored, we reverse and remand for resentencing pursuant to the appropriate guidelines procedure.
The state attorney at sentencing engaged in a novel but confusing attempt to manipulate the scoresheet to increase the period of Barnett’s punishment by dismissing some of the affidavits of violation of probation. The sentencing guidelines, however, require that the primary offense at conviction be that which, when scored on the guidelines scoresheet, recommends the most severe *576 sanction. Rule 3.701(d)(3), Fla.R.Crim.P. The state attorney is to prepare a separate guidelines scoresheet for each offense, scoring prior record appropriately, then to use the scoresheet which recommends the most severe sentencing range. Rule 3.701(d)(3)(A) & (B), Fla.R.Crim.P. Any other pending offenses are to be scored as additional offenses at conviction. Rule 3.701(d)(4), Fla. R.Crim.P. Our court recently confirmed the necessity of following this procedure in Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993). On remand, the court is to sentence Barnett pursuant to the scoresheet that recommends the harshest sentence and which takes into account all violations of probation that are pending at the time of sentencing.
Reversed and remanded.
CAMPBELL and FULMER, JJ., concur.