PER CURIAM.
Appellant was charged with Count I, battery on a law enforcement officer, and Count II, resisting arrest with violence. The jury returned a verdict of not guilty on Count I, battery on a law enforcement officer, and guilty on Count II, resisting arrest with violence. The difference between the statutory elements of the two offenses has been clarified as “one could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement officer.” State v. Henriquez, 485 So.2d 414, 415 (Fla.1986).
This distinction was eliminated in the present case because the information charged that appellant resisted arrest by “striking” the officer, and the jury instruction on the resisting charge stated that before the jury could find appellant guilty of resisting, the state must prove appellant obstructed or opposed the officer “by doing violence to him by striking said officer.” Appellant now argues that because the elements of the two charges against him are identical, the jury verdict of not guilty of battery on a law enforcement officer is legally inconsistent with the verdict of guilty of resisting arrest with violence. We disagree and affirm.
“The general rule is that inconsistent verdicts are permitted.” Naumowicz v. State, 562 So.2d 710, 713 (Fla. 1st DCA 1990). The power to return an inconsistent *891 verdict is necessarily included in the jury’s power on lenity. Id. at 713. However, “[t]he jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.” Eaton v. State, 438 So.2d 822 (Fla.1983). In Eaton, the Florida Supreme Court clarified two cases which committed Florida to the principle that jury verdicts must be legally consistent. Id. at 823 (citing Mahaun v. State, 377 So.2d 1158 (Fla.1979); Redondo v. State, 403 So.2d 954 (Fla.1981)). Following Eaton, logically inconsistent verdicts should continue to be affirmed as an exercise of jury lenity except in the limited situation where the verdicts involve interlocking charges, that is, one count is actually an element of the second count.
In Mahaun, the court held that a conviction for third-degree felony murder had to be vacated because the jury failed to find the defendant guilty of the underlying felony. In Redondo, the court held a conviction for displaying a firearm in the commission of a felony impermissible in the absence of a conviction of a felony. The court noted that “[i]n the cited cases the underlying felony is part of the crime charged — without the underlying felony the charge could not stand.” Eaton, 438 So.2d at 823. Consistent verdicts were required in Mahaun and Redondo because the charges were interlocking.
This court has held that charges that even are “essentially the mirror image” of each other do not fall within the Eaton rule requiring consistent verdicts on interlocking charges. Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983). Gonzalez was acquitted of possession of a firearm dining the commission of a felony, but convicted of robbery with a firearm and kidnapping. Id. at 516. In holding that this situation did not fall within the Eaton rule, this court noted that “possession of a firearm during the commission of a felony is not a necessary element of the crime of robbery with a firearm.” Id. This court has noted its tendency to agree with the federal decisions recognizing no exception to the rule that apparently inconsistent verdicts are permissible, while acknowledging its obligation to enforce the Eaton exception when applicable. Id.[1]
Here, as in Gonzalez, even if the charges are essentially mirror images of each other, battery on a law enforcement officer is not an element of resisting arrest with violence. Accordingly, the rule announced in Eaton requiring consistent verdicts on interlocking charges does not apply and the judgment must be affirmed.
GLICKSTEIN, FARMER and GROSS, JJ., concur.

. We have previously held that where a defendant was charged in one count with burglary with intent to commit an battery and commission of the battery and in a second count charged with aggravated battery, a conviction on the aggravated battery was impermissibly inconsistent with an acquittal of the battery portion of the first count. Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994). Footnote 5 in Sgroi states, "[w]e are not persuaded by the state's argument that the jury was simply exercising its pardon power in acquitting appellant of the charge of burglary with a battery in Count I.” We now clarify that because the charges of battery and aggravated battery were interlocking charges, consistent verdicts were required under the Eaton exception, regardless of whether the jury was exercising its pardon power.