723 So.2d 873 (1998)
David MOHN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00567.
District Court of Appeal of Florida, Second District.
December 9, 1998.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
David Mohn pleaded guilty to the charge of felon in possession of a firearm. His guidelines scoresheet included 18 additional points for firearm possession. See Fla. R.Crim. P. 3.702(d)(12). Mohn reserved his right to appeal the scoring of these additional points. In White v. State, 714 So.2d 440 (Fla.1998), the supreme court resolved this issue in Mohn's favor. The court decided that scoring the additional points for firearm possession was improper when the defendant was charged only with carrying a concealed firearm and possession of a firearm by a convicted felon. Accordingly, we reverse Mohn's sentence.
Including the 18 improperly scored points, Mohn's scoresheet reflected 47.2 points, which is within the range where incarceration in state prison is discretionary. The guidelines called for a sentence between 14.4 and 24 months' incarceration, but the court imposed 36 months' probation. Without the firearm points, Mohn's score is 29.2. Even with the permitted 15 per cent increase, his total would be 33.58, a score that mandates a non state prison sanction. While his sentence falls within the range of a correctly prepared scoresheet, we have held that this type of sentencing error is not harmless unless the record conclusively shows the court would have imposed the same sentence if it knew the correct score. See Eblin v. State, 677 So.2d 388, 389 (Fla. 2d DCA 1996); Sprankle v. State, 662 So.2d 736, 737 (Fla. 2d DCA 1995.) Because the record in this case does not demonstrate what the court would *874 have done, we reverse and remand for resentencing with a corrected scoresheet.
Sentence reversed and remanded.
THREADGILL, A.C.J., and GREEN, J., Concur.