PER CURIAM.
The State appeals, and Richard Loesch concedes several errors on Loesch’s score-sheet after he committed a new offense while on probation. We reverse.
On June 30, 1997, Loesch pleaded guilty to possession of cocaine with intent to sell and possession of marijuana and was sentenced to thirty months’ probation for the cocaine charge and twelve months’ probation for the marijuana charge. Loesch violated his probation, and on October 24, 1997, the trial court modified its terms. On December 24, 1997, Loesch was charged with two counts of sale of cocaine and two counts of possession of cocaine. On February 11, 1998, an affidavit was filed alleging that Loesch had violated several conditions of his modified probation, including his commission of the new offenses of sale and possession of cocaine.
At a change of plea hearing, Loesch’s counsel argued that the sentencing guidelines scoresheet should not include twelve points for a new felony conviction because Loesch had not yet been convicted, even though he was pleading guilty. He also argued that a new conviction could not be scored as the primary offense and also serve as the basis to add points for a new law violation. The trial court reduced the twelve points to six, lowering the total from fifty-six to fifty points and decreasing the sentencing range from 21 to 35 months to 16.5 to 22.5 months’ state prison. Loesch admitted violating probation and pleaded guilty to the new felony charges. The trial court sentenced Loesch to one year in county jail on each count, concurrent.
We hold that the scoresheet was incorrect and that the trial court erred in reducing the twelve community sanction points to six, in failing to score an additional six points for Loesch’s first probation violation, and in failing to score an additional four points for legal status violation. See State v. Lamar, 659 So.2d 262, 265 (Fla.1995)(new offense must be scored as either primary or additional offense, whichever results in most severe sanction); Barnett v. State, 642 So.2d 575, 575 (Fla. 2d DCA 1994)(scoresheet must take into account all probation violations pending at sentencing); Kelly v. State, 706 So.2d 396 (Fla. 1st DCA 1998)(trial court must include both legal status points and community sanction violation points for probation violation); § 921.0014, Fla. Stat. (1995)(legal status points and community sanction violation points); Fla. R.Crim. P. 3.703(16)(G),(H)(le-gal status points and community sanction violation points). Therefore, we reverse and remand to the trial court to allow Loesch the opportunity to withdraw his plea, since it was *854 based on an incorrect scoresheet and the promise of the lesser sentence.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.