BLUE, Acting Chief Judge.
Michael J. Murphy appeals a prison sentence following the revocation of his community control and argues that the trial court erred in its scoresheet calculations. We agree as to the calculation of community sanction points and reverse on that ground. We affirm the assessment of legal status points without discussion.
Three times previously, Mr. Murphy violated his supervision. At sentencing for the fourth violation, which is the sentencing challenged in this appeal, Mr. Murphy also entered a plea to the third-degree felony of grand theft. On the scoresheet, the trial court assessed thirty-six scoresheet points for “community sanction violation.” Under section 921.0014, Florida Statutes (1995), six points are assessed when a community sanction violation is before the court for sentencing, but twelve points are assessed when the violation results from a new felony conviction.[1] Here, the trial court multiplied twelve points for a new felony conviction by three previous violations. The trial court should have first assessed twelve points because only the latest violation resulted from a new felony conviction. The previous violations would then score six points each because they did not result from new felony convictions. See State v. Loesch, 726 So.2d 853 (Fla. 2d DCA 1999). See also Brown v. State, 741 So.2d 1242 (Fla. 1st DCA 1999) (allowing assessment of twelve points each time a new felony conviction triggers a community sanction violation).
Mr. Murphy was sentenced to 26.7 months in prison, which was the bottom of the guidelines. Because the record does not conclusively show that the trial court would have imposed the same sentence under a corrected scoresheet, we cannot say .that the error is harmless. See Mohn v. State, 723 So.2d 873 (Fla. 2d DCA 1998). Accordingly, we affirm in part, reverse in part, and remand for resentencing with a corrected scoresheet.
CASANUEVA and SALCINES, JJ., Concur.

. For offenses committed prior to October 1, 1995, this category was termed "Release program violation.” See § 921.0014, Fla. Stat. (1993). Six points were allowed for each violation; no distinction was made between technical violations and those resulting from new felony convictions.