ORFINGER, J.
Keith L. White appeals the sentences imposed after he was found to have violated the terms of his community control. White contends, among other things, that the trial judge erroneously concluded that his criminal punishment code scoresheet mandated a minimum prison sentence of 53 months, the sentence the court imposed. White’s scoresheet actually reflected a minimum sentence of 44.4 months, absent a basis for a downward departure.
The State concedes that had the issue been properly preserved for review, it would be appropriate to remand the matter to the trial court for reconsideration. See Mohn v. State, 723 So.2d 873, 873 (Fla. 2d DCA 1998) (‘While [defendant’s] sentence falls within the range of a correctly prepared scoresheet, we have held that this type of sentencing error is not harmless unless the record conclusively shows the court would have imposed the same sentence if it knew the correct score.”)
Although we agree with White’s position, we must affirm the sentences because the sentencing error was not brought to the trial court’s attention either at sentencing or in a rule 3.800(b) motion to correct sentence. As a result, the sentencing'issue may not be addressed on direct appeal. See Brannon v. State, 850 So.2d 452, 456 (Fla.2003).
Our affirmance is without prejudice for White to seek postconviction relief on the sentencing issue. On the remaining issue presented, we find no error.
AFFIRMED.
PLEUS and PALMER, JJ., concur.