PER CURIAM.
After violating the terms of his earlier imposed community control sentences, the appellant, Keith L. White, was sentenced by the trial court to serve 53 months in prison. In his direct appeal Mr. White argued that the trial judge erroneously concluded that his scoresheet mandated a 53 month minimum prison sentence, when his scoresheet, in fact, reflected a 44.4 month sentence. We agreed with Mr. White, but affirmed his plenary appeal because the scoresheet error was not brought to the trial court’s attention either at sentencing or pursuant to a Rule 3.800(b) motion. See White v. State, 868 So.2d 664 (Fla. 5th DCA 2004).
Mr. White thereafter sought Rule 3.800(a) postconviction relief. The trial court considered his motion but declined to grant relief for the following reason:
The Court has considered the motion, the opinion of the Fifth District Court of Appeals [sic], the transcript of the proceedings, and finds that the sentence imposed was, in fact, the correct sentence. The Court considered the criminal punishment codes [sic] scoresheet, only as part of the overall sentencing decision. The Court finds that the sentence was lawful and correct.
In Mohn v. State, 723 So.2d 873 (Fla. 2d DCA 1998), the Second District held in a similar case that even though a sentence might fall within the range of a correctly prepared scoresheet, the sentencing error is not harmless “unless the record conclusively shows the court would have imposed the same sentence if it knew the correct score.” It is conclusively shown from the trial court’s order that it would have imposed the same sentence even if it had a *601 correct seoresheet before it at the time of sentencing.
AFFIRMED.
SAWAYA, C.J., ORFINGER and MONACO, JJ., concur.