PER CURIAM.
We grant the public defender’s Motion to Withdraw as counsel in this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We write, however, to address an error in the scoresheet that must be corrected. Because the error is harmless, resentenc-ing is not required.
Appellant committed an armed kidnapping and armed burglary in 1990 and was sentenced under the 1990 guidelines using a category 9 scoresheet listing armed kidnapping as the primary offense. Appellant was sentenced to 17 years in prison on the armed kidnapping followed by a consecutive term of 3 years probation for the armed robbery. Appellant was released from prison on the armed kidnapping sentence in 2004. He then violated probation by changing his residence without consent of his probation officer and failing to report to the probation office and file monthly reports as required.
Appellant admitted violating probation and accepted the court’s offer of 28 years in prison. The court rejected the state’s recommendation of 22 years in prison because the court found it incommensurate with appellant’s extensive criminal record and the gravity of the offenses appellant committed. Appellant was given credit for all time served in jail as well as all the time he previously served in prison on count I (about 13 or 14 years). See Tripp v. State, 622 So.2d 941 (Fla.1993). Later, the court reduced the sentence to 27 years in prison because the parties advised the *478 court this was the maximum permitted by the 1990 guidelines.
In a motion to correct sentencing error, appellant argued that armed kidnapping was improperly scored as a life felony when in fact it was a first degree felony punishable by life. See § 787.01(2), Fla. Stat. (1989). This claim was properly denied because the armed kidnapping in this case was correctly enhanced to a life felony based on appellant’s use of a weapon during the offense. § 775.087(l)(a), Fla. Stat. (1989).
The same motion also argued that 38 points had been improperly scored under “Section III.B. SAME CATEGORY PRIORS (categories 3, 5, and 6 only).” Appellant argued that armed kidnapping was a category 9 offense to which this section did not apply. The state argued in response that armed robbery (to which the violation of probation related) was a category 3 offense and that this section applied to appellant’s category 5 and 6 prior offenses. The court denied the motion without addressing this issue.
Because no new offenses were before the court for sentencing, appellant had to be sentenced following revocation of probation with the same scoresheet that was used at his original sentencing. Holloman v. State, 600 So.2d 522 (Fla. 5th DCA 1992) (and cases cited therein).
Florida Rule of Criminal Procedure 3.701(d)(15) sets out the applicability of “Section III.B.” which resulted in the 38 additional points for prior record that were scored in this case. The rule explains that category 3, 5, and 6 offenses contain an additional factor to be scored as “prior record” for “prior convictions for similar offense.” Under the rule, “[sjcoring is limited to prior felony convictions included within the category.” Fla. R.Crim. P. 3.701(d)(15).
Here, a category 9 scoresheet was employed, and “Section III.B.” does not apply. This should have been obvious because the category 9 scoring form does not contain a formula for calculating a total for this section. Fla. R.Crim. P. 3.988(i). The face of the scoresheet also indicates that this section is for category 3, 5, and 6 offenses only. Appellant was being sentenced under the more severe category 9 scoresheet, and it was improper to add points for a factor that applies only on category 3, 5, and 6 scoresheets. Further, even if this factor applied, because the violation of probation related to the category 3 armed robbery, the prior offenses relied on by the state were category 5 and 6 offenses not category 3 offenses. The rule provides that scoring is limited to prior offenses “included within the category.” Fla. R.Crim. P. 3.701(d)(15). See also Hembree v. State, 519 So.2d 1138 (Fla. 2d DCA 1988); Wilson v. State, 514 So.2d 1127 (Fla. 1st DCA 1987); Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985) (applying this rule in the same fashion).
Removal of these 38 points from the scoresheet would lower the permissible sentencing range from 12-27 years to 9-22 years. Because the sentence was imposed after revocation of probation, however, the court could have imposed sentence using the next higher guidelines cell without stating reasons. Fla. R.Crim. P. 3.701(d)(14). Thus, the court could have imposed the 27-year sentence in this case when the automatic one-cell bump up is considered, and the sentence is not illegal. See Pire v. State, 575 So.2d 299 (Fla. 4th DCA 1991).
The record in this case is abundantly clear that the court would have imposed the same sentence if the scoresheet error had not occurred. State v. Anderson, 905 So.2d 111 (Fla.2005). The court rejected the state’s recommendation of 22 years *479 and extended the offer of 28 years because of the seriousness of the offenses and because of appellant’s record. The court reduced the sentence to 27 years only because it was informed that this was the maximum permitted under the guidelines. There is no question that the court would have employed the one-cell bump up and imposed the same sentence absent the error. The scoresheet error is, therefore, harmless.
On remand, the trial court is directed to correct the scoresheet, but the appellant need not be resentenced.
Affirmed and remanded with directions.
STEVENSON, C.J., WARNER and FARMER, JJ., concur.