DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE MIGUEL MORENO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1100

[March 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502017CF003389A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Jose Moreno, appeals an order modifying his probation based on the court's finding that Appellant violated the terms of his probation by being in possession of a firearm and marijuana. On appeal, Appellant challenges the sufficiency of the evidence supporting the court's possession findings and also argues that he is entitled to resentencing based on a scoresheet error. We hold that there was competent, substantial evidence supporting the court's finding that Appellant violated the terms of his probation and affirm without further comment. We write only to address the scoresheet error.

At sentencing, the State presented a scoresheet identifying carrying a concealed firearm as the primary offense and driving in violation of a driver's license restriction as an additional offense. Appellant's lowest permissible sentence under the scoresheet was a non-prison sanction. Based on Appellant's scoresheet, the court found that prison time was inappropriate. However, because Appellant was found in possession of a firearm just six days after he was placed on probation for being in possession of a firearm, the court extended Appellant's probation by an

additional three years.

On appeal, Appellant argues and the State concedes that driving in violation of a driver's license restriction, a misdemeanor, should not have been scored as an additional offense since Appellant completed his sentence for that offense before the violation of probation occurred. *Somps v. State*, 183 So. 3d 1090, 1092 (Fla. 4th DCA 2015) ("An offense should not be scored as an additional offense following the revocation of a defendant's probation if the defendant completed his sentence as to that offense before the VOP occurred."). This error resulted in Appellant being assigned an additional .2 points on his scoresheet.

"A defendant who illustrates an erroneous imposition of points on his scoresheet is entitled to have the errors corrected. However, that defendant is not entitled to resentencing if the errors were harmless." *Zelaya v. State*, 257 So. 3d 493, 497 (Fla. 4th DCA 2018) (internal citation omitted). "A scoresheet error 'is harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet.'" *Id.* (quoting *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007)).

Here, the record conclusively shows that Appellant's sentence would have been the same under a correct scoresheet. Excluding the erroneously included .2 points would not have altered Appellant's recommended guideline sentence of a non-prison sanction. While this in and of itself does not establish that the error was harmless, *cf. Lopez v. State*, 811 So. 2d 815, 816 (Fla. 2d DCA 2002), the court's comments during sentencing establish that its sentence would have been the same with or without its consideration of the extra .2 points for the driver's license offense, *see Noa v. State*, 199 So. 3d 1004, 1005 (Fla. 4th DCA 2016) (court's comments during sentencing established that scoresheet error was harmless). Accordingly, we affirm Appellant's sentence, but remand for the entry of a corrected scoresheet.

*Affirmed and remanded.*

WARNER and LEVINE, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**