DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**O'BRIAN OAKLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1800

[October 30, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit; Broward County, Edward Harold Merrigan, Judge; L.T. Case No. 12-011456CF10A.

Carey Haughwout, Public Defender and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

This appeal arises out of proceedings on remand following this Court's decision in *Oakley v. State*, 237 So. 3d 396 (Fla. 4th DCA 2018). Appellant, O'Brian Oakley, argues that on remand the trial court erred in failing to resentence him on the charge of aggravated fleeing and eluding using a correctly scored and calculated scoresheet. We affirm in all aspects without further comment. We write only to address the scoresheet error.

Following this Court's instruction in *Oakley*, the trial court vacated the two counts of vehicular homicide/failure to render aid but left the victim injury points attributable to those offenses on Appellant's new scoresheet. All other non-capital counts and sentences remained in effect. As the trial court did not rely on the scoresheet when it originally sentenced Appellant but instead imposed the statutory maximum, Appellant was not resentenced on the remaining non-capital counts using a new scoresheet. *See Zelaya v. State*, 257 So. 3d 493, 497 (Fla. 4th DCA 2018) (holding that a defendant is not entitled to resentencing with a corrected scoresheet when "the record conclusively shows that the trial court would have

imposed the same sentence using a correct scoresheet" (quoting *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007))); *see also Moreno v. State*, 266 So. 3d 1246, 1247 (Fla. 4th DCA 2019) (same). For much of the same reason, the trial court's failure to enter a correctly calculated scoresheet on remand is harmless. *See Zelaya*, 257 So. 3d at 497. Recognizing there is a scoresheet error, Appellant is entitled to have that error corrected and the victim injury points removed from the scoresheet. Accordingly, we affirm Appellant's sentence, but remand for the entry of a corrected scoresheet.

*Affirmed and remanded.*

CIKLIN and GERBER, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

2