DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERICA ABRAHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2408

[June 8, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case Nos. 17-2138 CF10A, 17-1636 CF10A, 17-2672 CF10A, 17-898 CF10A, 17-4930 CF10A.

Carey Haughwout, Public Defender, and Breanna Atwood, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Erica Abraham argues the trial court erred in determining her sentence using an improperly calculated scoresheet. We agree, reversing the trial court's sentencing order and remanding this case for re-sentencing using a corrected scoresheet. We affirm on all other issues raised in the appeal.

**Background**

Appellant was charged with a total of eight offenses, including carjacking, assault both with and without a weapon, battery, grand theft, and forgery. The trial court appointed experts to examine Appellant's competency to stand trial. Appellant was initially found incompetent and committed to the custody of the Department of Children and Families ("DCF"). Subsequently, DCF reported its opinion that Appellant was competent to proceed. A competency hearing was convened, at which Appellant's counsel testified they "felt comfortable stipulating to

[Appellant's] competency . . . ." Citing counsel's stipulation, the trial court entered an order finding Appellant "[c]ompetent by stipulation of the parties."

Appellant next entered a no contest plea to all eight charges. After conducting a plea colloquy with Appellant, the trial court accepted Appellant's plea and scheduled a sentencing hearing.

At sentencing, the State presented a scoresheet recommending the trial court sentence Appellant to 250 months in prison. In response, Appellant's counsel filed a motion for downward departure and requested a youthful offender designation. The trial court opted to grant Appellant's downward departure motion—and declined to issue a youthful offender designation—before ultimately sentencing Appellant to a total of 16.1 years in prison plus ten years of probation.

After filing a timely appeal, Appellant filed two motions to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court failed to rule on the second motion within sixty days; thus, it is deemed denied. Appellant did not file a motion to withdraw plea.

**Analysis**

*A. Scoresheet errors at sentencing*

We review the trial court's denial of Appellant's motion to correct sentencing errors using a *de novo* standard of review. *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016). Further, "[t]he standard of review for the legality of a criminal sentence is *de novo*." *Cruz v. State*, 189 So. 3d 822, 832 (Fla. 4th DCA 2015) (quoting *State v. Valera*, 75 So. 3d 330, 332 (Fla. 4th DCA 2011)).

Appellant claims the trial court erred by relying upon a sentencing scoresheet containing: (a) improper additional offense points for three offenses for which she was never charged or convicted, and (b) improper prior record points for a juvenile offense not found in her record.

Appellant and the State agree the scoresheet contained inaccuracies. However, the parties disagree as to whether these inaccuracies were ultimately harmful. Scoresheet errors at sentencing are subject to harmless error review. *See Moreno v. State*, 266 So. 3d 1246, 1247 (Fla. 4th DCA 2019) ("A defendant who illustrates an erroneous imposition of

2

points on his scoresheet is entitled to have the errors corrected. However, that defendant is not entitled to resentencing if the errors were harmless." (quoting *Zelaya v. State,* 257 So. 3d 493, 497 (Fla. 4th DCA 2018))).

Generally, a sentence predicated on an inaccurately calculated scoresheet is proper when the record shows the trial judge would have imposed the same sentence in the absence of the scoresheet error. *See, e.g., Brooks v. State,* 969 So. 2d 238, 241 (Fla. 2007); *Henion v. State,* 247 So. 3d 537, 538 (Fla. 4th DCA 2018); *Montoya v. State,* 943 So. 2d 253, 254 (Fla. 3d DCA 2006). Importantly, this standard requires a showing that the final sentence *would* have been imposed in the absence of error, not merely the sentence *could* have been imposed. *State v. Anderson,* 905 So. 2d 111, 118 (Fla. 2005). In *Anderson,* the Florida Supreme Court held because "it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence, . . . the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error." *Id.*

Nevertheless, Florida courts have found harmful error and reversed sentences close to "the bottom of the guidelines [where] the record does not conclusively show that the trial court would have imposed the same sentence under a corrected scoresheet." *Murphy v. State,* 761 So. 2d 1247, 1248 (Fla. 2d DCA 2000). In *Cooper v. State,* 902 So. 2d 945 (Fla. 4th DCA 2005), we found:

> "All defendants are entitled to be sentenced under a correctly scored and calculated score sheet." *Fortner v. State,* 830 So. 2d 174, 175 (Fla. 2d DCA 2002). It is undisputed that [the defendant] was not sentenced under a correct score sheet with respect to the charges of burglary of a dwelling and dealing in stolen property. . . . As in *Fortner,* the transcripts of the plea and sentencing hearings at bar do not indicate whether the trial court would have imposed the same sentences if it had had an accurate score sheet. Accordingly, the error cannot be deemed harmless and [the defendant]'s sentences on these charges are reversed with instructions that he be re-sentenced under a correctly calculated score sheet.

*Id.* at 946–47.

3

In the instant case, all parties agree Appellant was sentenced pursuant to an inaccurate scoresheet. Due in part to Appellant's successful downward departure motion, the trial court's sentence—16.1 years in prison, plus probation—was near the bottom of the inaccurate scoresheet's suggested sentence of 20.86 years. Appellant claims the scoresheet would have recommended a total of 15.88 years in prison if it had excluded the improper additional offense points and the improper prior record points. The State does not contest this contention, but merely emphasizes the error's harmlessness.

However, the error is not harmless. Using the "would have been imposed" test, we cannot say with any certainty the trial court would have arrived at the same conclusion had it utilized an accurate scoresheet, because its sentence of 16.1 years was above the corrected scoresheet recommendation of 15.88 years. As a result, we follow *Cooper,* reverse the trial court's sentence, and remand for resentencing to be conducted with an accurate scoresheet.

*B. Competency hearing*

Appellant further claims the trial court fundamentally erred when it entered an order finding her competent to stand trial without conducting a competency hearing. However, Appellant did not object to the lack of a competency hearing, nor did she file a motion to withdraw plea prior to filing her appeal. "[T]here is no fundamental-error exception to the preservation requirement of [Florida Rule Appellate Procedure] 9.140(b)(2)(A)(ii)(c)." *State v. Dortch,* 317 So. 3d 1074, 1084 (Fla. 2021). Accordingly, Appellant's challenge as to the involuntariness of her plea cannot be considered by this Court on direct appeal.

**Conclusion**

As set forth above, Appellant failed to preserve her challenge to the trial court's determination of competency. Per *Dortch,* any trial court error was not fundamental and thus not subject to our review on direct appeal.

As to the scoresheet issue, we cannot say for certain whether the trial court would have imposed the same sentence if provided with an accurate scoresheet. Consequently, Appellant's sentence is reversed. Re-sentencing is to be under an accurate scoresheet.

*Reversed and remanded for further proceedings consistent with this opinion.*

4

CONNER, C.J., and ARTAU, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***