# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LARRY CLASE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2898

[May 24, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael C. Heisey, Judge; L.T. Case No. 472018CF000727A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessica L. Underwood, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the defendant's conviction for violating section 790.23, Florida Statutes (2018), including the defendant's argument that he was unconstitutionally convicted by a six-person jury, as opposed to a twelve-person jury, on the authority of our decision in *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. pending*, No. SC22-1597. However, we accept the State's concessions of error with respect to the improper scoring of the defendant's prior record on his Criminal Punishment Code (CPC) scoresheet and the trial court's imposition of $50 in investigative costs in the absence of evidence supporting the requested amount. We therefore reverse the defendant's sentence and remand for resentencing.

As conceded by the State, the defendant's two prior record offenses for violating the 1995 version of section 800.04, Florida Statutes, were improperly scored as level 7 offenses on his CPC scoresheet. *See Perdue v. State*, 333 So. 3d 207, 207-08 (Fla. 4th DCA 2022) (holding that defendant's prior conviction "for an offense involving lewd conduct" should not have been "classified as a level 7 offense" on his CPC scoresheet, based

on the offense severity ranking applicable to the crime as defined by existing statute, where the "version of the statute for which he was convicted and the existing statute [did] not contain the same elements"). We therefore reverse the defendant's sentence because it cannot be determined conclusively from the record that the trial court would have imposed the same sentence without the error. *See Zelaya v. State*, 257 So. 3d 493, 497 (Fla. 4th DCA 2018) (scoresheet error cannot be considered harmless unless "the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet" (quoting *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007)).

We also reverse the trial court's assessment of $50 in investigative costs because the State did not prove the requested amount by competent substantial evidence, as conceded by the State. *See Jenkins v. State*, 332 So. 3d 1013, 1019 (Fla. 4th DCA 2022) (reversing investigative costs assessment where State failed to prove amount requested).

On remand, the trial court must resolve "[a]ny uncertainty" or "disagreement" as to the propriety of scoring the disputed prior record offenses. *See* Fla. R. Crim. P. 3.704(d)(14)(D); *Perdue*, 333 So. 3d at 208 (remanding for trial court to resolve the parties' dispute as to how the defendant's prior conviction should be scored). In addition, the trial court shall either remove its assessment of investigative costs or reimpose those costs to the extent proven by the State. *See Jenkins*, 332 So. 3d at 1019 (investigative costs may be reimposed on remand, if supported by sufficient evidence demonstrating the amount, where reversal of the initial assessment was based solely on a lack of evidentiary support).

In all other respects, we affirm without further comment.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, LEVINE and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2