DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEJANDRO F. BORGES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2177

[January 10, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502020CF006579.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Alejandro F. Borges ("Defendant") timely appeals his sentence, arguing that the trial court erred in including certain points on his scoresheet and failing to make a written "danger to the community" finding. We agree, but affirm, determining resentencing is unnecessary and that only a limited remand is warranted.

## Background

Defendant was charged with written threats to kill or do bodily injury. He entered into a plea agreement for three years' probation. Shortly after his probation began, he contacted the victim and began to threaten her again. Based on this conduct, the trial court found Defendant violated his probation. A few weeks later, Defendant was convicted of aggravated stalking, based on the same actions that violated his probation.

At sentencing, the trial court found Defendant had met his burden of showing grounds to downwardly depart from the recommended minimum. However, the trial court declined to depart, reasoning that Defendant violated his probation soon after it was imposed with the same actions that

caused the original probation term and agreed with the State that a fifteen-year sentence was proper.

Defendant then filed a motion to correct sentence, arguing that his scoresheet contained 24 points for being a violent felony offender of special concern ("VFOSC"), but the trial court had incorrectly added 12 of those points for the aggravated stalking charge as a "new felony conviction." He also argued that the trial court failed to make a written "danger to the community" finding. As the trial court did not timely rule on this motion, the motion is deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).[1] Defendant's appeal followed.

## Analysis

We review sentencing errors de novo. *See Brooks v. State,* 199 So. 3d 974, 976 (Fla. 4th DCA 2016).

Defendant first argues that under section 921.0024(1)(b)2.b., Florida Statutes (2022), a "new felony conviction" is one that is obtained before or at the same time as the court determines a defendant violated his or her probation. Because Defendant's aggravated stalking conviction was entered after the violation of probation conviction, he asserts his aggravated stalking conviction is not a "new felony conviction."

Section 921.0024(1)(b)2.b. governs the VFOSC point allocation for community sanction violations and allocates 24 points "for each successive violation of felony probation or community control where the violation includes **a new felony conviction.**" (emphasis added).

However, the "new felony conviction" must be secured before or at the same time as the violation of probation. First, the model scoresheet in Florida Rule of Criminal Procedure 3.992(a) states that a defendant is given 24 points for a "new felony conviction" "if [the] new offense results in a conviction **before or at the same time** for violation of probation." (emphasis added). Second, Florida Rule of Criminal Procedure 3.704(d)(16) states that 24 points are allocated "if the violation results from a new felony conviction." By using "results from," rule 3.704(d)(16) implies a causal component, in that the new felony **conviction** (as distinct from

---

[1] Although the trial court entered an order granting the motion to correct sentence in part, the trial court's order was a nullity as it was not filed until 63 days after the motion. *See Sessions v. State,* 907 So. 2d 572, 573 (Fla. 1st DCA 2005) ("A 3.800(b)(2) motion is deemed denied, and the trial court's jurisdiction ends, once 60 days elapse without rendition of an order ruling on the motion, and any order rendered more than 60 days after a rule 3.800(b)(2) motion is filed is a nullity.").

the new felony) was the cause of the probation violation. A felony conviction cannot be the cause of a violation of probation if the felony conviction is not secured until after the violation of probation.

Here, Defendant entered the aggravated stalking plea after the trial court found he violated his probation. As the conviction for aggravated stalking was not entered before or at the same time as the violation of probation, it was not a "new felony conviction." The State concedes that if the aggravated stalking conviction was not a "new felony conviction," then Defendant's score sheet should have reflected 12 points and not 24.

Thus, a remand is appropriate for the trial court to enter a corrected scoresheet. However, resentencing is not necessary. Applying the "would-have-been-imposed" test, we conclude the record conclusively shows the trial court would have imposed the same sentence with a corrected scoresheet. *See Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008) (quoting *Brooks v. State,* 969 So. 2d 238, 241–42 (Fla. 2007)).

Where a trial court rejects a request for a downward departure and indicates its sentence does not depend on the lowest permissible sentence, any error on the scoresheet will be harmless. *See Jenkins v. State*, 332 So. 3d 1013, 1017 (Fla. 4th DCA 2022); *see also Moreno v. State*, 266 So. 3d 1246, 1247 (Fla. 4th DCA 2019). Here, the trial court chose a sentence significantly above the lowest permissible sentence, while at the same time noting it had the discretion to downwardly depart from the lowest permissible sentence. The trial court even reminded defense counsel it was considering consecutive sentences on both the violation of probation and the aggravated stalking convictions. Accordingly, Defendant is solely entitled to a remand to correct his scoresheet. *See Naugle v. State*, 244 So. 3d 1127, 1128 (Fla. 4th DCA 2018).

Defendant next argues the trial court erred when it failed to make a written finding under section 948.06(8)(e), Florida Statutes (2022), that he was a danger to the community. The State agrees that the trial court never entered the requisite written order and that a remand for a written order is required. *See Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016).

However, Defendant is not entitled to resentencing. Resentencing is not required where the trial court orally pronounces a reason that is consistent with one or more of the factors it must consider under section 948.06(8)(e)1. *See McCray v. State*, 282 So. 3d 158, 161–62 (Fla. 2d DCA 2019). One of those factors is "[t]he offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation

hearing arises and any other previous supervisions." § 948.06(8)(e)1.c., Fla. Stat. (2022).

Here, the trial court orally expressed its concern that Defendant had violated his probation with the same conduct which was the basis for his underlying conviction. This seemingly "fits the bill," making resentencing unnecessary and remanding solely for a written order addressing the trial court's "danger to the community" finding sufficient. *See McCray*, 282 So. 3d at 162; *Thompson v. State*, 265 So. 3d 700, 703–04 (Fla. 4th DCA 2019).

## Conclusion

For the foregoing reasons, we affirm Defendant's sentence. However, we remand for the trial court to enter a corrected scoresheet and to enter a written order reducing to writing the trial court's danger to the community finding.

*Affirmed; remanded for correction of scoresheet and addition of written "danger to the community" finding only.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4