987 So.2d 155 (2008)
George Leslie RAY, III, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0383.
District Court of Appeal of Florida, First District.
July 15, 2008.
Nancy A. Daniels, Public Defender, and John B. Kelly, III, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney *156 General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals his convictions, following a jury trial, for possession of a firearm by a convicted felon, possession of twenty grams or less of cannabis and possession of drug paraphernalia, and the denial of his rule 3.800(b)(2) motion to correct sentencing error. We affirm appellant's conviction without comment, but reverse and remand for appellant to be resentenced pursuant to a properly calculated scoresheet.
While his appeal was pending, appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), asserting that the scoresheet erroneously included fifteen points for possession of a firearm. The state concedes that the trial court erroneously scored the fifteen points for the possession of a firearm during the commission of a crime. See White v. State, 714 So.2d 440 (Fla.1998) (holding that it is error for a trial court to assess additional sentence points for possessing a firearm where the sole underlying crime is possession of a firearm by a convicted felon). Without the fifteen points for the firearm the appellant's total sentencing points are 42.4, rather than the 47[1] scored on his erroneous scoresheet.
When a scoresheet error is raised on direct appeal via a rule 3.800(b) motion, courts must apply the "would-have-been-imposed" test to determine whether a scoresheet error warrants resentencing. Brooks v. State, 969 So.2d 238, 241-42 (Fla.2007) (citing State v. Anderson, 905 So.2d 111 (Fla.2005)). Under the "would-have-been-imposed" test, scoresheet error is considered harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet. Id.
We conclude that the record does not conclusively demonstrate that the trial court would have imposed the same sentence if the scoresheet had been calculated properly. Without the fifteen points for the firearm the appellant's total sentencing points are 42.4, rather than the 47 on his erroneous scoresheet. When total sentencing points are less than 44 points, the lowest permissible sentence is any non-state prison sanction. The trial court sentenced the appellant under the mistaken belief that the lowest permissible sentence was 24.7 months' imprisonment. We cannot say that the same sentence would have been imposed if the scoresheet had been correct. See Williams v. State, 720 So.2d 590 (Fla. 2d DCA 1998) (holding that error on scoresheet is not harmless when presumptive sentence under corrected scoresheet would be any non-state prison sanction).
Accordingly, we affirm appellant's convictions but reverse and remand for the trial court to resentence the appellant pursuant to a correctly calculated scoresheet.
ALLEN, WOLF, and POLSTON, JJ., concur.
NOTES
[1] If the inclusion of the 15 points had been proper, the total sentencing points would actually have been 57, not 47 as indicated by the trial court.