DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT ROY HENION,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1193

[May 16, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 16-9891CF10A.

Carey Haughwout, Public Defender, and Brad R. Schlesinger, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant, Robert Roy Henion, was arrested and charged with felony battery and misdemeanor trespass. Immediately prior to appellant's plea hearing, his counsel reminded the trial judge of the judge's previous statement that he would be inclined to sentence appellant to eighteen months in prison followed by two years of community control if appellant entered an open plea to the charges. After appellant entered his no contest plea, the judge accepted it, and sentenced him to the agreed-upon eighteen months in prison with credit for time served followed by two years of community control for battery. Appellant was also sentenced to sixty days in jail for trespassing; however, appellant's credit for time served satisfied the jail sentence. The sentencing scoresheet was filed later the same day, but improperly included an additional charge of assault in its calculation, which caused appellant's scoresheet to total 38.30 points instead of 38.10. He argues on appeal that the trial court committed error by sentencing him based upon an incorrectly calculated scoresheet.

While we agree that the scoresheet was incorrectly calculated, we find that sentencing was proper because the record shows that the trial judge

would have imposed the same sentence on appellant regardless of the scoresheet error. Thus, we affirm appellant's sentence, but remand to the trial court for the entry of a properly calculated scoresheet. *See Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007) (holding that when scoresheet errors are presented via (1) direct appeal, (2) Florida Rule of Criminal Procedure 3.800(b), or (3) Florida Rule of Criminal Procedure 3.850, then "any error is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet" (alteration in original)); *Montoya v. State*, 943 So. 2d 253, 254 (Fla. 3d DCA 2006) ("Under the 'would-have-been-imposed' standard, a scoresheet error requires resentencing unless the record conclusively shows that the same sentence would have been imposed using a correct scoresheet . . . .").

Appellant need not be present for the purposes of correcting the scoresheet on remand. *See, e.g., Thompson v. State*, 987 So. 2d 727, 728-29 (Fla. 4th DCA 2008) (holding that a defendant need not be present when a court simply corrects a sentencing designation in paperwork without otherwise changing the actual sentence imposed).

GERBER, C.J., and DAMOORGIAN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***