DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RANDY G. NAUGLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D17-2744, 4D17-2745, 4D17-3032 and 4D17-3303

[May 30, 2018]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case Nos. 16013481 CF10A, 16013022 CF10A, 17001296 CF10A and 16010029 CF10A.

Carey Haughwout, Public Defender, and Brad R. Schlesinger, Assistant Public Defender, West Palm Beach, for appellant.

No appearance required for appellee.

GERBER, C.J.

We affirm the defendant's convictions and sentences following a plea. However, we remand for the circuit court to correct a scoresheet error.

As pointed out in the defendant's amended motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), two misdemeanor charges were erroneously scored as additional offenses instead of as prior offenses on the defendant's scoresheet. The circuit court denied the defendant's motion, adopting the state's reasoning that any error was harmless because the total points would not change as the result of any correction. We agree that the error was harmless because the sentence would have been the same. *See Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007) (when scoresheet errors are presented via (1) direct appeal, (2) Florida Rule of Criminal Procedure 3.800(b), or (3) Florida Rule of Criminal Procedure 3.850, then "any error is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a corrected scoresheet").

However, the proper action should have been to grant the defendant's motion for the sole purpose of correcting the scoresheet. *See Henion v. State*, ___ So. 3d ___ (Fla. 4th DCA May 16, 2018) (affirming the defendant's sentence, but remanding for entry of a properly calculated scoresheet, even though the sentence would have been the same); *but see McCool v. State*, 211 So. 3d 304, 305 (Fla. 1st DCA 2017) (where the defendant's scoresheet erroneously included a sixth "prior record" misdemeanor, sentence was reversed and remanded for resentencing based upon a correctly calculated scoresheet; rejecting the state's argument that the error was harmless because the points assessed for the sixth misdemeanor offense were the same as those that should have been assessed for misdemeanor battery as an "additional offense" on the scoresheet).

Based on the foregoing, we affirm the defendant's convictions and sentences, but remand for the circuit court to correct the scoresheet error. The defendant need not be present for the ministerial act of correcting the scoresheet on remand. *Henion*, ___ So. 3d at ___.

*Affirmed; remanded for correction of scoresheet only.*

WARNER and FORST, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2