DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELODY SARA HARMON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1295

[November 13, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case Nos. 2015CF000842AMB, 2015CF000845AMB, 2015CF000849AMB, 2015CF000851AMB, 2015C000853AMB, 2015CF002134BMB and 2015CF008924AMB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Melody Sara Harmon appeals her sentence after the trial court found that she willfully and substantially violated probation. Harmon was on probation in seven cases for twelve offenses. On appeal, Harmon raises three arguments asserting sentencing errors. We affirm the trial court's ruling as to all three issues raised, but remand the case for the trial court to correct the scoresheet submitted for sentencing consideration.

Harmon contends the scoresheet reviewed by the trial court listed three prior misdemeanor convictions for possession of drug paraphernalia, but she has only two prior convictions for that offense. Harmon preserved the scoresheet error issue by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) in the trial court, which was denied. *See Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008) (listing inaccurate scoresheets as a type of "sentencing error" that can be preserved under rule 3.800(b)).

The State does not dispute Harmon's contention that there was an error on the scoresheet that listed three convictions for paraphernalia offenses. However, when the trial court addressed that contention in ruling on the rule 3.800(b) motion, it concluded that the point difference for two, instead of three, convictions of paraphernalia offenses was *de minimis*. We conclude the trial court did not abuse its discretion or err in sentencing, despite the scoresheet error, particularly where the trial court sentenced Harmon to almost two years more than the minimum sentence if a correct scoresheet had been used. Notably, the extra .2 points for a third conviction changed the minimum recommended sentence from 49.73 months' imprisonment to 49.58 months' imprisonment.

"When a scoresheet error is raised on direct appeal via a rule 3.800(b) motion, courts must apply the 'would-have-been-imposed' test to determine whether a scoresheet error warrants resentencing." *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008). "Under the 'would-have-been-imposed' test, scoresheet error is considered harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet." *Id.*

However, the trial court should have granted Harmon's rule 3.800(b) motion in part by correcting the scoresheet error. *See Naugle v. State*, 244 So. 3d 1127, 1128 (Fla. 4th DCA 2018) (explaining that the proper course of action, when a rule 3.800(b) establishes a scoresheet error that would have resulted in the same sentence, is for the trial court to grant the motion for the sole purpose of correcting the scoresheet); *Henion v. State*, 247 So. 3d 537, 538 (Fla. 4th DCA 2018) (determining that a .2 point error on the scoresheet was harmless error but remanding for the trial court to enter a properly calculated scoresheet). Similar to our dispositions in *Naugle* and *Henion*, we affirm the sentence imposed by the trial court on all issues raised, but remand for the trial court to correct the scoresheet. Harmon need not be present for the ministerial act of correcting the scoresheet on remand. *Naugle*, 244 So. 3d at 1128; *Henion*, 247 So. 3d at 538.

*Affirmed; remanded for correction of scoresheet only.*

KLINGENSMITH and KUNTZ, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2