DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALTON NAPPER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-846

[February 10, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 56-2019-CF-002262A.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessica L. Underwood, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Alton Napper ("Defendant"), timely appeals the trial court's order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b), alleging an error in his scoresheet. Defendant was sentenced after pleading to four charges. Both Defendant and the State agree that there was an error in Defendant's scoresheet where one of the additional offenses listed on the scoresheet was scored as 2.4 points, when it should have added only 1.2 points. "Under the 'would-have-been-imposed' test, scoresheet error is considered harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet." *Harmon v. State*, 284 So. 3d 1080, 1081 (Fla. 4th DCA 2019) (quoting *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008)). Our review of the record convinces us that the trial court would have imposed the same sentence if it had been presented with a correct scoresheet. Thus, we affirm the sentence but remand for the sole purpose of directing the trial court to correct the scoresheet. *See id.* Defendant "need not be present for the ministerial act of correcting the scoresheet on remand." *Id.*

*Affirmed; remanded solely for correction of scoresheet.*

LEVINE, C.J., and GROSS, J., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**