# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**TYRONE G. JENKINS, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2701

[January 5, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case Nos. 312020CF000433A and 312020CF000544A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the sentences under review except as to certain sentencing details referenced below.

We have carefully reviewed the transcript of the sentencing hearing. Many criminal cases require a sentencing judge to consider public safety, rehabilitation, and the fact that a defendant's mental health issues contributed to criminal conduct. We conclude that the circuit judge thoughtfully pondered these factors in imposing sentence and that no reversible error occurred, constitutional or otherwise.

We now address Jenkins's arguments regarding the scoresheet, the costs orders entered in both cases, and the order of probation entered in case number 2020-CF-433-A. These issues were preserved by Jenkins's motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). *See Moore v. State*, 268 So. 3d 792, 794 (Fla. 4th DCA 2019) ("Although no objection to the scoresheet was made during the sentencing hearing, the issue was preserved by Appellant's Florida Rule of

Criminal Procedure 3.800(b)(2) motion."); *Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017) ("[A] claim that the trial court improperly assessed costs in a sentencing order is an error that may be preserved in a Rule 3.800(b) motion."); *Latson v. State*, 193 So. 3d 1070, 1071 (Fla. 1st DCA 2016) (errors in an order of probation can be preserved by filing a rule 3.800(b) motion).

## A. The Scoresheet

Jenkins first argues that the trial court erred in denying his rule 3.800(b)(2) motion because the prior record section of his scoresheet was incorrect. Specifically, he asserts that the scoresheet (1) erroneously scored one of his prior fleeing-and-eluding convictions as a level 3 offense rather than a level 1 offense, and (2) included four misdemeanor convictions that do not appear in a search of Florida's Comprehensive Case Information System (CCIS) database.

The State agrees that one of Jenkins's prior fleeing-and-eluding convictions should have been scored as a level 1 offense rather than a level 3 offense. Thus, 1.1 points should be subtracted from the total sentencing points on the original scoresheet to account for the difference between a level 3 offense (1.6 points) and a level 1 offense (0.5 points).

Regarding the four misdemeanor convictions that do not appear in a search of the CCIS database, Jenkins asserts that his scoresheet reflects five prior driving-while-license-suspended convictions and five resisting-without-violence convictions, but CCIS only shows three for each. The State agrees that there are only three driving-while-license-suspended convictions and three resisting-without-violence convictions listed on CCIS. While the scoresheet erroneously scored five driving-while-license-suspended convictions, the scoresheet did not erroneously score five resisting-without-violence convictions and properly scored only three. Therefore, only 0.4 points should be subtracted from the total sentencing points on the original scoresheet to account for the two driving-while-license-suspended convictions that should not have been included (2 convictions x 0.2 points = 0.4 points).

When correcting these errors, the scoresheet would reflect a total of 53 sentencing points, which is 1.5 points less than the original scoresheet, resulting in a lowest permissible sentence of 18.75 months:

> 54.5 points (original scoresheet) – 1.5 points (erroneous points) = 53 total sentencing points

> (53 points – 28 points) x .75 = lowest permissible sentence of 18.75 months

Thus, the difference between the lowest permissible sentence on the original scoresheet (19.875) and the lowest permissible sentence on a corrected scoresheet (18.75) is 1.125 months.

We reject the State's argument that a corrected scoresheet on remand should include three additional misdemeanor convictions that were not included in the original scoresheet but are allegedly reflected on CCIS. The State never argued below that the scoresheet should include these additional convictions, nor did the State respond to Jenkins's rule 3.800(b)(2) motion by raising this issue. Any error in failing to include these convictions is not clearly determinable from the record. *See Stark v. Fink*, 557 So. 2d 129, 130 (Fla. 3d DCA 1990) (rejecting the State's claim that the scoresheet should have included an additional thirty points for a prior conviction because "[t]he prosecutor at no time voiced an objection to any error in the score point calculation and the alleged error is not clearly determinable from the record").

In light of the aforementioned scoresheet errors, we must apply the "would-have-been imposed" test to determine whether such errors warrant resentencing. *Harmon v. State*, 284 So. 3d 1080, 1081 (Fla. 4th DCA 2019). "Under the 'would-have-been-imposed' test, scoresheet error is considered harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet." *Id.* If, however, the record does not conclusively establish that the trial court would have imposed the same sentence despite the scoresheet error, remand for resentencing is required. *See Moore*, 268 So. 3d at 795.

Here, the record conclusively shows that the trial court would have imposed the same sentence with a correct scoresheet. Defense counsel requested that the trial court impose a downward departure sentence based on Jenkins's need for specialized treatment for his bipolar disorder. Alternatively, defense counsel requested that if the trial court was not inclined to grant a downward departure, that the court sentence Jenkins to the lowest permissible sentence, or no more than 20 months. The trial court recognized it could depart from the minimum guidelines sentence, but declined to do so based on Jenkins's "19 felony convictions and his dangerousness." The trial court also declined to sentence Jenkins to the lowest permissible sentence and instead sentenced him to five years in the Department of Corrections, followed by two years of probation with mental health court. In pronouncing its sentence, the trial court acknowledged that it understood Jenkins's mental health issue and "[a]bsent that, [the

court would] be happy to lock him up for 15, 20 years"; the maximum sentence was fifteen years.  The court stated that it would "seriously consider giving [Jenkins] more than that" if Jenkins had been declared a habitual felony offender.[1]  Thus, the trial court's comments during sentencing established that its sentence would have been the same with or without the consideration of the extra 1.5 points that were erroneously included in the original scoresheet.  *See Moreno v. State*, 266 So. 3d 1246, 1247 (Fla. 4th DCA 2019) (court's comments during sentencing established that the scoresheet error was harmless).

Because the scoresheet errors are deemed harmless in this case, we affirm the sentence, but remand for the sole purpose of correcting the scoresheet.  *See Naugle v. State*, 244 So. 3d 1127, 1128 (Fla. 4th DCA 2018).

**B. The Orders on Charges/Fees/Costs**

Regarding the "Order on Charges/Costs/Fees" entered in both cases, Jenkins argues that the trial court erroneously imposed a $200 cost of prosecution, a $50 cost of investigation, a $3.50 clerk fee, and recording fees.  We affirm as to the clerk fees and recording fees without further comment and write only to address the cost of prosecution and cost of investigation imposed in both cases.

1. Cost of Prosecution

Section 938.27(8), Florida Statutes (2020), states that "[c]osts for the state attorney must be set in all cases at no less than . . . $100 per case when a felony offense is charged."  "The court may set a higher amount upon a showing of sufficient proof of higher costs incurred."  *Id.*  "To constitute 'sufficient proof' there must be evidence of the higher fees or costs, and the trial court must make factual findings thereon."  *Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021).  The State bears the burden of demonstrating the amount of costs incurred.  § 938.27(4), Fla. Stat. (2020).

In this case, the State requested that the trial court impose a $200 cost of prosecution in both cases, and the trial court ordered Jenkins to pay these costs.  However, the State never presented any evidence to support these higher costs.  The State agrees that these costs were not properly

---

[1] The trial court observed that Jenkins appeared to qualify for habitual felony offender sanctions, but noted that the State did not seek such sanctions.

imposed, but asserts that the trial court can reimpose prosecution costs exceeding $100 if sufficient findings are made on remand.

Recently, in *Bartolone v. State*, 327 So. 3d 331 (Fla. 4th DCA 2021), we reversed a cost of prosecution above the statutory minimum where the State never provided notice of intent to seek a higher amount and no separate hearing was convened to provide the State with an opportunity to submit sufficient proof of higher costs. *Id.* at 336. The State agreed on appeal that the costs of prosecution exceeding $100 should be stricken, but requested "an opportunity to request and present proof of the higher costs." *Id.* We observed that such a request for a "second bite at the apple" was seemingly at odds with *Richards v. State*, 288 So. 3d 574, 576–77 (Fla. 2020), in which the Florida Supreme Court "found that 'the state had the opportunity to request these costs during the trial court proceedings but chose not to' and, accordingly, 'the State's opportunity to request investigative costs had passed.'" *Id.* However, based on prior precedent both pre- and post-*Richards*,[2] we ultimately reversed the prosecution costs and remanded for the trial court to impose a $100 cost of prosecution in accordance with the statute or "additional costs if sufficient findings are made." *Id.* (quoting *Guadagno v. State*, 291 So. 3d 962, 963 (Fla. 4th DCA 2020)).[3]

Consistent with *Bartolone* and our prior precedent, we reverse the $200 cost of prosecution in both cases and remand for the trial court to impose a $100 cost of prosecution in accordance with section 938.27(8), Florida Statutes (2020), or to impose additional costs if sufficient findings are made.

## 2. Cost of Investigation

Section 938.27(1), Florida Statutes (2020), provides that in all criminal cases "convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies . . . if

---

[2] *See Scofield v. State*, 317 So. 3d 130, 131 (Fla. 4th DCA 2021); *Bevans v. State*, 291 So. 3d 591, 594 (Fla. 4th DCA 2020); *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019).

[3] We certified questions of great public importance in *Bartolone*, including: "Is the State entitled to a second opportunity to establish discretionary prosecution and public defender fees and costs established by sections 938.27(1) and (8), Florida Statutes, and section 938.29(1)(a), Florida Statutes, that were imposed by the trial court upon a defendant without having been requested or properly supported at sentencing?" 2021 WL 4888429 at *5.

requested by such agencies." "There is no statutory minimum for an award of investigative costs." *Icon*, 322 So. 3d at 119. "This award must simply 'be supported by competent substantial evidence.'" *Id.* (quoting *Negron v. State*, 266 So. 3d 1266, 1267 (Fla. 5th DCA 2019)); *see also Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014) ("[T]he court cannot impose such investigative costs without evidence of the amount of the costs.").

Here, the State represented that the Sheriff's office was requesting a $50 cost of investigation in both cases, and the trial court imposed these costs. However, no evidence was presented to support the amount.

The State agrees that it did not demonstrate the amount of investigative costs actually incurred, but asserts that such costs can be reimposed on remand if there is sufficient evidence presented to support them. Jenkins argues that these costs cannot be reimposed, citing *Richards*, 288 So. 3d at 576. However, as discussed *supra* at sub-issue 1, even post-*Richards* we have chosen to remand unsupported costs assessments and provide the State with another opportunity to provide sufficient evidence of the costs incurred. *See, e.g.*, *Icon*, 322 So. 3d at 119 (holding that trial court may reimpose unsupported costs on remand either upon the defendant's agreement to pay them or "upon the requesting party's submission of competent substantial evidence to support them"). Accordingly, consistent with *Icon*, we reverse the $50 cost of investigation imposed in both cases and remand for the trial court to either strike these costs or reimpose these costs "upon the requesting party's submission of competent substantial evidence to support them." *Id.*

### C. Order of Probation

As his final point on appeal, Jenkins argues that the probation order entered in case number 2020-CF-433-A should not include the one-year driver's license suspension as a special condition of his probation because such condition was not orally pronounced at sentencing. "Conditions of supervision which are not authorized by statute or court rule are considered 'special conditions' which must be orally announced at sentencing in order to comport with due process." *Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021). "[W]hether a probation condition is a general condition or a special condition is determined by reference to Florida Statutes . . . and Florida Rule of Criminal Procedure 3.986(e)[.]" *Id.* at 93. A driver's license suspension is not a general condition of probation. *See* § 948.03, Fla. Stat. (2020).

The State acknowledges that the suspension of a driver's license is a special condition of probation that must be orally pronounced. However, the State contends that while the trial court did not explicitly state that the driver's license suspension was a condition of Jenkins's probation, the State "believes that [the court] made this clear by ordering the suspension while setting out the conditions of probation." We disagree.

After the trial court adjudicated Jenkins guilty and pronounced its sentence in case number 2020-CF-433-A, the court stated:

> After his release, he'll be on two years of probation with the condition that he attend and complete the mental health court program and comply with all their directives, pay the statutory required court costs and fees off in at least equal monthly installments, including a $200 cost of prosecution, $50 cost of investigation to the Sheriff's office, $50 Public Defender application fee and $100 Public Defender fee. That's payable in at least equal monthly installments while under supervision. I am obligated to order his driver's license be suspended for one year.

When viewed in context, it appears that the trial court was likely referring to its obligation to revoke Jenkins's driver's license pursuant to section 316.1935(5), Florida Statutes (2020), due to the fleeing-and-eluding conviction, which the court did by separate order. This conclusion is supported by the trial court's subsequent pronouncement of its sentence in case number 2020-CF-544-A, when the trial court similarly stated, "I am obligated to order his driver's license be suspended for six months upon conviction of that offense," and probation was not ordered in that case.[4]

Because the trial court did not orally pronounce a one-year driver's license suspension as a special condition of Jenkins's probation, this condition must be stricken from the probation order. Doing so will have no effect on the separate order revoking his license, which Jenkins acknowledges the trial court was required to enter.

*Affirmed in part, reversed in part, and remanded with instructions consistent with this opinion.*

GROSS, DAMOORGIAN and CIKLIN, JJ., concur.

---

[4] In case number 2020-CF-544-A, Jenkins was charged with possession of cocaine.

*    *    *

*Not final until disposition of timely filed motion for rehearing.*